IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM N. LUCY, #204880, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CASE NO. 2:23-cv-742-RAH |
| v. | ) ) | |
| SECURUS TECHNOLOGIES, *et al*., | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

On January 9, 2024, the Magistrate Judge recommended that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.SC. §§ 1391(b) and 1404(a). (Doc. 3 at 3.) The Magistrate Judge recommended a transfer because the events occurred at Fountain Correctional Facility and "Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here." (*Id*. at 2.)

On January 18, 2024, Plaintiff filed a motion to add the Alabama Department of Corrections ("ADOC") and ADOC Commissioner John Hamm as defendants. (Doc. 4.) On January 24, 2024, the Plaintiff filed an Objection (Doc. 5) to the Magistrate Judge's Recommendation (Doc. 3).

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District Court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Plaintiff objects to the transfer of this case to the Southern District of Alabama, specifically arguing that the ADOC and its employees are residents of Alabama. This Court recognizes that Plaintiff seeks to name ADOC Commissioner Hamm as a defendant. The ADOC Commissioner, however, is subject to service throughout the State. *See*, *e.g.*, *Padgett v. Dunn*, No. 2:20-CV-1021-WHA-JTA, 2020 WL 808498, at *1 (M.D. Ala., Dec. 1, 2020) ("Although by virtue of their positions as Commissioner [and] Associate Commissioners . . . [the ADOC] Defendants . . . reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this state."). Furthermore, a substantial part of the events giving rise to the

§ 1983 claims occurred at Fountain Correctional Facility in the Southern District of Alabama. *See* 28 U.S.C. § 1391(b)(2).

Upon this Court's independent review of the record and consideration of the the Objection and Recommendation, and for good cause, it is **ORDERED** as follows:

1. The Objection (Doc. 5) is **OVERRULED**.

2. The Recommendation (Doc. 3) is **ADOPTED**.

3. This case shall be **TRANSFERRED** to the United States District Court for the Southern District of Alabama.

4. The Clerk of Court is **DIRECTED** to take all necessary actions to effectuate the transfer.

The Motion to Amend (Doc. 4) and Application to Proceed Without Prepayment of Fees (Doc. 2) remain pending.

**DONE** on this the 30th day of January 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE