IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM N. LUCY, AIS# 204880 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 24-00028-KD-N |
| | ) |
| SECURUS TECHNOLOGIES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on Plaintiff William N. Lucy's motion pursuant to Rule 60(b)(1) of the Alabama Rules of Civil Procedure which the Court construes as brought pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (doc. 16). Lucy moves the Court to vacate its order entered May 23, 2024 wherein the Court denied his motion to alter, amend or vacate the order and judgment entered March 27, 2024 (doc. 15). Upon consideration, and for the reasons set forth herein, the motion is denied.

Lucy, an inmate at Fountain Correctional Facility, filed a civil action in the Middle District of Alabama against Securus Technologies, Inc.; its "unknown" Chairman of the Board of Directors, President, and Chief Executive Officer; and Captain K. Albritton in her personal and official capacity. He alleged conspiracy to defraud, fraud, breach of contract, and emotional distress after an "electronic device called a 'tablet'" which he was purchasing from Securus "stopped working" (doc. 1). Captain Albritton allegedly failed to stop the deduction of payments from Lucy's inmate account, after he "turned his tablet in" to the Securus agent for replacement.

The action was transferred to the Southern District of Alabama. The Court denied Lucy's motion to proceed without prepayment of fees and dismissed his complaint without prejudice

(docs. 12, 13, Order adopting Report and Recommendation, Judgment). The Court found that Lucy was barred from proceeding *in forma pauperis* because he previously filed at least three meritless lawsuits or appeals in the federal courts. Lucy then moved pursuant to Fed. R. Civ. P. 59(e) to alter or amend that decision (doc. 14) and his motion was denied (doc. 15).

Lucy now moves pursuant to Rule 60(b)(1) which provides grounds for relief from an order for reasons of "mistake, inadvertence, surprise, or excusable neglect[.]" (doc. 16). He seeks relief from the order denying his Rule 59(e) motion (doc. 15).

Previously, in his Rule 59(e) motion, Lucy argued that this Court did not have "subject matter jurisdiction" because "the Magistrate's recommendation from the Middle Dist. Of Alabama to transfer this case to the Southern District of Alabama has not been adopted by that Court" (doc. 14, p. 1-2). The Court found that Lucy was not correct because United States District Judge R. Austin Huffaker, Jr. had adopted the recommendation and ordered the transfer to this District (doc. 15, citing doc. 6).

Now pursuant to Rule 60(b)(1) Lucy argues that the District Court in the Middle District, through inadvertence, mistake, or excusable neglect, "never served" Lucy with a "copy" of Judge Huffaker's "order adopting the recommendation to transfer" which creates "another impediment to Lucy's litigation of this matter." (doc. 16). Lucy argues that because he was "never served" with this copy, his procedural and substantive due process rights under the Fourteenth Amendment have been violated. He argues that this Court should set aside its order denying the Rule 59(e) motion and he should be "served with notice from" the Middle District and given an "opportunity to reply" to Judge Huffaker's order (doc. 16).

Lucy is incorrect. He was served with notice by the Middle District. Pursuant to Fed. R. Civ. P. 77, "the clerk must serve notice of the entry" of an order "as provided in Rule 5(b)" and

"the clerk must record the service on the docket." Fed. R. Civ. P. 77(d)(1). Review of the docket in <u>Lucy v. Securus Technologies, et al</u>., Civil Action No. 2:23-00742-RAH-CSC (M.D. Ala. 2023) shows that on January 30, 2024, the Clerk recorded that notice of electronic filing of Judge Huffaker's order was delivered to Lucy at Fountain Correctional Facility, Fountain 3800, Atmore, Alabama 36503-3800 (Id., at doc. 6, Notice of Electronic Filing). Pursuant to Rule 5(b)(2)(C), an order, or "paper is served under this rule by: … mailing it to the person's last known address – in which event service is complete upon mailing." Thus, service on Lucy was complete upon mailing to his last known address at Fountain on January 30, 2024. "Since [Rule 5(b)(2)(C)] expressly directs that service is complete upon mailing, nonreceipt ... of the papers by the person to be served generally does not affect the validity of service." 4B Fed. Prac. & Proc. Civ. § 1148 (4th ed. Apr. 2023). Since Lucy was served with notice, his due process argument based on lack of service of notice is without merit.

  Also in his Rule 59(e) motion, Lucy argued that "dismissing Lucy's case, citing violation of the 'three strike rule' and not giving Lucy another remedy at law is denying Lucy procedural due process of law and equal protection of the law as guaranteed by the U.S. Constitution's 14th Amendment." (doc. 14, p. 1-3). However, the Court found this argument without merit because the Court of Appeals for the Eleventh Circuit had held that 28 U.S.C. § 1915(g) is constitutional (doc. 15, citing <u>Daker v. Jackson</u>, 942 F. 3d 1252, 1257-1258 (11th Cir. 2019)).

  Lucy now argues that the three cases used to impose the three-strike rule had not been adjudicated on the merits to prove they were frivolous (doc. 16, p. 2). Since Lucy relies on Rule 60(b)(1), he appears to argue that the Court made a mistake when it determined he had three or more actions or appeals which were dismissed on grounds they were frivolous, malicious, or failed to state a claim upon which relief can be granted. Rule 60(b)(1) allows a district court to

correct "all mistakes of law made by a judge." Kemp v. United States, 596 U.S. 528, 534 (2022). This argument seems directed at the order adopting the Magistrate Judge's recommendation and more so than the order denying Lucy's Rule 59(e) motion to alter or amend (doc. 15).

However, the Court again reviews the three actions or appeals. Specifically, Lucy v. Mosley, Civil Action No. 2:00-01283-MHT-SRW (M.D. Ala. Dec. 6, 2000), which was dismissed for failure to state a claim and the appeal was dismissed as frivolous, and Lucy v. Heritage Imports, Inc., Civil Action No. 2:01-00231-MHT–SRW (M.D. Ala. Mar. 1, 2001), which was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Accordingly, the Court finds no mistake in its decision that these three actions or appeals provides a legal basis to impose the three-strike rule. Additionally, Lucy v. Johnston, Civil Action No. 14-0185-CG-B (S.D. Ala. Oct. 20, 2014) and Lucy v. Norman, Civil Action No. 18-0288-JB-B (S.D. Ala. Sept. 20, 2018), were also dismissed pursuant to 28 U.S.C. § 1915(g).

DONE and ORDERED this 1st day of July 2024.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE