IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM N. LUCY, AIS# 204880** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. 24-00028-KD-N |
| | ) |
| **SECURUS TECHNOLOGIES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on Plaintiff William N. Lucy's motion to proceed in forma pauperis on appeal (doc. 26). Upon consideration, and for the reasons set forth herein, the motion is denied.

A. Background

Lucy, an inmate at Fountain Correctional Facility, filed a civil action in the Middle District of Alabama against Securus Technologies, Inc.; its "unknown" Chairman of the Board of Directors, President, and Chief Executive Officer; and Captain K. Albritton in her personal and official capacity (doc. 1). He alleged conspiracy to defraud, fraud, breach of contract, and emotional distress because an "electronic device called a 'tablet'" which he was purchasing from Securus "stopped working." Captain Albritton allegedly failed to stop the deduction of payments from Lucy's inmate account, after he "turned his tablet in" to the Securus agent for replacement. Lucy also filed a motion to proceed without prepayment of fees (doc. 2). Over Lucy's objections, the action was transferred to the Southern District of Alabama pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) (doc. 6)

In this District, the Magistrate Judge entered a Report and Recommendation that Lucy's

motion to proceed without prepayment of fees be denied and the action dismissed without prejudice (doc. 8). The Magistrate Judge found Lucy had filed at least three federal court actions which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. The Magistrate Judge also found that Lucy's allegations in his complaint "do not demonstrate that he faces imminent danger of serious physical injury or harm." (Id., p. 4).

Therefore, Lucy was precluded by 28 U.S.C. § 1915(g) from proceeding unless he paid the filing fee at the time he initiated the action or pled that he was in "imminent danger of serious physical injury" (Id.). Since, neither exception was present, the Magistrate Judge recommended dismissal without prejudice and denial of Lucy's motion to proceed without prepayment of fees.

Lucy objected and argued that he was in imminent danger because of understaffing, overcrowding, violence, drug abuse, and lack of medical care at the prison (doc. 11). He also stated that Securus had "breached our contract for repair" and not replaced his tablet (Id.). The Court adopted the Report and Recommendation and entered final judgment (docs. 12, 13).

Lucy filed a motion to alter, amend or vacate pursuant to Fed. R. Civ. P. 59(e) (doc. 14). His motion was denied (doc. 15). Lucy sought relief from the order denying his Rule 59(e) by filing two motions pursuant to Fed. R. Civ. P. 60(b) (docs. 16, 18). The motions were denied (docs. 17, 19). Lucy filed another Rule 59(e) motion to alter, amend, or vacate the last order entered (doc. 19, order; doc. 20, motion). Lucy's motion was denied (doc. 21). Lucy filed another motion pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6) for relief from the last order entered (doc. 21, order, doc. 22, motion). His motion was denied (doc. 23).

Lucy then moved for enlargement of time to appeal (doc. 24). His motion was granted (doc. 25) and he timely filed his notice of appeal (doc. 26).

B. <u>Analysis</u>

Lucy now seeks leave to appeal in forma pauperis (doc. 27). However, 28 U.S.C. § 1915(g) also applies to appeals. The statute sets forth as follows:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g).

Lucy did not pay the appellate filing fee and did not argue that he is under imminent danger of serious physical injury (doc. 27, motion to proceed in forma pauperis). <u>Smith v. Ward,</u> 848 Fed. Appx. 853, 856 (11th Cir. 2021) ("A three-strike prisoner must show he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.") (internal quotations and citation omitted). Accordingly, Lucy's motion is denied.

DONE and ORDERED this 8th day of July 2025.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE
